UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAIKU BALLA BAH, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-21-2806 |
| IMMIGRATION ICE OFFICE (INS), | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

On November 1, 2021, Saiku Balla Bah, an inmate detained at the Maryland Correctional Institution – Jessup, filed suit, asking this Court to intervene in his pending removal proceedings.[1] ECF No. 1. The matter was construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. On December 20, 2021, Respondent filed a Motion to Dismiss the Petition for lack of subject matter jurisdiction, and Bah responded. ECF Nos. 7, 11, 12. Having reviewed the pleadings, the Court finds that a hearing is not necessary. *See* D. Md. Local R. 105.6 (D. Md. 2021). For reasons set forth below, the motion is granted and the Petition will be dismissed.

**I.  Background**

Bah is a native and citizen of Sierra Leone who entered the United States in 2003. *See* Decision and Order of the Immigration Judge ("IJ"), ECF No. 8-1 at 1. In 2015, the Department of Homeland Security ("DHS") served Bah with a Notice to Appear and charged him with removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), for having sustained multiple criminal convictions; 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony; and 8 U.S.C. § 1227(a)(2)(B)(i), for being a drug abuser or addict. *Id.* Bah contested his removability and requested deferral of removal under the Convention Against Torture Act

---

[1] Bah also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which shall be granted.

("CAT"). *Id.*

On July 27, 2016, an IJ determined that Bah is removable and not subject to deferral under the CAT. *Id.* at 7. Bah appealed the IJ's order of removal to the Board of Immigration Appeals ("BIA"). *See* Decision of the BIA, ECF No. 8-2 at 2. On January 13, 2017, the BIA adopted and affirmed the IJ's decision and dismissed the appeal. *Id.*

Bah did not immediately petition for review of the BIA's decision. Rather, more than four years later, Bah asked the BIA to reconsider its decision. *See* BIA Opinion, ECF No. 8-3. The BIA denied Bah his requested relief. *Id.*

Bah next filed his Petition in this Court, contesting the IJ's order of removal and requesting "another chance to present [his] case" to an IJ. ECF No. 1 at 5. While this matter was pending, Bah has also petitioned the United States Court of Appeals for the Fourth Circuit for review of the BIA' final order of removal. *Bah v. Garland*, Case No. 21-2282 (4th Cir.); ECF No. 8-4.

**II.     Discussion**

The Fourth Circuit has recognized that "Congress has specifically prohibited the use of habeas corpus petitions as a way of obtaining review of questions arising in removal proceedings." *Johnson v. Whitehead*, 647 F.3d 120, 124 (4th Cir. 2011). Rather, "the sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). *See also* 8 U.S.C. § (b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[] [noncitizen] from the United States under this subchapter shall be available only in judicial review of a final order under this

section."). This suit plainly asks the Court to revisit IJ's removal decision. Accordingly, the Court lacks subject matter jurisdiction to consider Bah's claims, and so the Petition must be dismissed.[2]

      A separate Order follows.

| | |
|---|---|
| 5/24/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[2] This decision does not affect Bah's Petition for Review of the BIA's decision pending in the Fourth Circuit. *See Bah*, *supra*, Case No. 21-2282 (4th Cir.).